## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARIA REID and TOMMY REID, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| PERKSA, INC. d/b/a PEACH STATE | ) | |
| POOL SERVICE, and | ) | |
| WILLIAM PERILLI, | ) | |
| | ) | |
| Defendants, | ) | JURY TRIAL DEMANDED |
| _____ | ) | |

## COMPLAINT

COME NOW Plaintiffs Maria Reid and Tommy Reid (collectively "Plaintiffs"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 7, assert their claims against Defendants under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), for due but unpaid overtime wages and other relief on the grounds set forth as follows:

## INTRODUCTION

1.

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, et seq. by Plaintiffs, former employees of Defendants because Defendants failed

to pay them at one-and-one half times their regular rates for all work performed over forty hours during each work week of their employment with Defendants.

2.

In addition to her federal causes of action, Plaintiff Maria Reid asserts a breach of contract claim which arises out of the same set of operative facts as her federal claims.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Maria Reid's state law claims set forth herein arising under the laws of the State of Georgia law pursuant to 28 U.S.C. § 1367 because the state law claim is so related to the federal claims that it forms part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Perksa, Inc. is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Plaintiffs Maria Reid and Tommy Reid are natural persons who resides in Forsyth County, Georgia.  The Reids are a married couple.

7.

Defendant Perksa, Inc. (Perksa") is a domestic corporation organized and existing under the laws of the State of Georgia.

8.

Defendant Perksa may be served with process through its registered agent William Perilli at his business address at 1100 Upper Hembree Road, Roswell, Georgia 30076.

9.

Defendant Perksa is subject to the personal jurisdiction of this Court.

10.

Defendant William Perilli ("Perilli") is a natural person who resides in Cobb County, Georgia.

11.

Defendant Perilli may be served with process at his business address at 1100 Upper Hembree Road, Roswell, Georgia 30076.

12.

Defendant Perilli is subject to the personal jurisdiction of this Court.

**<u>FACTS COMMON TO THE CLAIMS OF BOTH PLAINTIFFS</u>**

13.

Defendant Perksa does business as Peach State Pool Service and Peach State Pool Builders.

14.

Defendant Perksa is in the business of building and remodeling commercial and residential swimming pools and repairing and servicing commercial and residential swimming pools.

15.

At all times relevant hereto, Defendant Perilli has been CEO, CFO and President of Defendant Perksa.

16.

Defendant Perksa employed Maria Reid as a Bookkeeper from approximately 2006 through January 10, 2016.

17.

Defendant Perksa employed Tommy Reid as a pool technician in and around Atlanta, Georgia from approximately April 1, 2010 until January 10, 2016.

18.

At all times material hereto, Maria Reid was an "employee" of Defendant Perksa as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

19.

At all times material hereto, Defendant Perksa has been an "employer" of Maria Reid as defined in FLSA § 3(d), 29 U.S.C. §203(d).

20.

At all times material hereto, Tommy Reid has been an "employee" of Defendant Perksa as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

21.

At all times material hereto, Defendant Perksa has been an "employer" of Tommy Reid as defined in FLSA § 3(d), 29 U.S.C. §203(d).

22.

From in or about February 2013 until January 10, 2016, Plaintiffs were "engaged in commerce" as an employees of  Perksa as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

23.

From approximately February 2013 through January 10, 2016, Perksa was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

24.

During 2013, Perksa had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

25.

During 2014, Perksa had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

26.

During 2015, Perksa had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

27.

During 2016, Perksa had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

During 2013, Perksa had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

6

29.

During 2014, Perksa had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

30.

During 2015, Perksa had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

31.

During 2016, Perksa had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

32.

During 2013, Perksa had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

33.

During 2014, Perksa had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

34.

During 2015, Perksa had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

35.

During 2016, Perksa  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

36.

At all times material hereto, Perksa was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

37.

At all times material hereto, Defendant Perilli exercised full and total operational control over the work activities of Plaintiffs.

38.

At all times material hereto, Defendant Perilli was involved in the day to day operation of Perksa in which Plaintiffs worked.

39.

At all times material hereto, Perksa vested Defendant Perilli with supervisory authority over Plaintiffs.

40.

At all times material hereto, Defendant Perilli exercised supervisory authority over Plaintiffs.

41.

At all times material hereto, Defendant Perilli scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

42.

At all times material hereto, Defendant Perilli exercised authority and supervision over Plaintiffs' compensation.

## **FACTS RELEVANT TO THE CLAIMS OF PLAINTIFF MARIA REID**

43.

During the relevant time period, Maria Reid's primary duties included data entry and preparing invoices.

44.

During the relevant time period, Maria Reid regularly worked from 6:30 a.m. until 4:00 p.m., Monday through Friday.

45.

During the relevant time period, Maria Reid also regularly worked on Saturday from 7:30 a.m. until 12:00 p.m.

46.

During the relevant time period, Maria Reid often skipped her meal break period with the knowledge of Defendants.

47.

During the relevant time period, Maria Reid also worked from home in addition to her regularly scheduled working hours.

48

During the relevant time period, Maria Reid worked from home approximately two days each week in addition to her regularly scheduled working hours.

49.

The work done by Plaintiff as a Bookkeeper was an integral and essential part of Defendants' business of building and remodeling commercial and residential swimming pools and repairing and servicing commercial and residential swimming pools.

50.

During the relevant time period, Defendants compensated Maria Reid on a salaried basis.

51.

From February 2013 through approximately February 2014, Defendants compensated Maria Reid at a rate of $1,000.00 per week.

52.

From approximately March 2014 through January 10, 2016, Defendants compensated Maria Reid at a rate of $1,030.00 per week.

53.

During the relevant time period, Maria Reid did not exercise discretion in making significant business decisions.

54.

During the relevant time period, Maria Reid did not supervise two or more employees of Perksa.

55.

During the relevant time period, Maria Reid did not supervise any employees of Defendant Perksa.

56.

During the relevant time period, Maria Reid did not make decisions regarding hiring employees on behalf of Defendants.

57.

During the relevant time period, Maria Reid did not make decisions regarding hiring or firing employees on behalf of Defendants.

58.

During the relevant time period, Maria Reid did not make recommendations regarding hiring or firing employees to Defendants.

59.

During the relevant time period, Maria Reid did not interview potential employees on behalf of Defendants.

60.

During the relevant time period, Maria Reid did not make decisions regarding disciplining Defendants' employees.

61.

At all times material hereto, Defendant Perksa did not employ Maria Reid in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

62.

At all times material hereto, Defendant Perksa did not employ Maria Reid in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

63.

At all times material hereto, Defendant Perksa did not employ Maria Reid in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

64.

At all times material hereto, Maria Reid did not engage in sales activity and was not required to make any sales of services or merchandise on behalf of Defendant Perksa.

65.

At all times material hereto, Perksa did not employ Maria Reid in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

66.

At all times material hereto, Defendants misclassified Maria Reid as an exempt employee.

67.

At all times material hereto, Maria Reid was not exempt from the overtime pay provisions of the FLSA by reason of any exemption.

## FACTS RELEVANT TO THE CLAIM OF PLAINTIFF TOMMY REID

68.

During the relevant time period, Tommy Reid's primary duty was performing service and maintenance on the swimming pools of Defendants' commercial and residential customers.

69.

The work done by Plaintiff Tommy Reid in performing service and maintenance on the swimming pools of Defendants' commercial and residential customers was an integral and essential part of Defendant's business of building and remodeling commercial and residential swimming pools and repairing and servicing commercial and residential swimming pools.

70.

During the relevant time period, Tommy Reid regularly worked approximately 50-52 hours during each work week of the "peak season" from approximately April through October of each year.

71.

During the relevant time period, Tommy Reid did not generally work overtime from approximately November through March of each year.

72.

During the relevant time period, Defendants typically deducted 30 minutes each work day from Tommy Reid's recorded hours worked for a meal period.

73.

During the relevant time period, Tommy Reid regularly worked through his 30 minute meal period.

74.

During the relevant time period, Defendants compensated Tommy Reid on a salaried basis.

75.

Prior to compensating Tommy Reid on a salaried basis, Defendants compensated Tommy Reid on an hourly basis at a rate of $15.00 per hour.

76.

Tommy Reid's duties did not change from the period of time wherein Defendants compensated him on an hourly basis through the last date of his employment, when he was compensated on a salary basis.

77.

At all times relevant from February 2013 through January 10, 2016, Defendants compensated Tommy Reid at a rate of $620.00 per week.

78.

During the relevant time period, Tommy Reid did not exercise discretion in making significant business decisions.

79.

During the relevant time period, Tommy Reid did not supervise two or more employees of Perksa.

80.

During the relevant time period, Tommy Reid did not supervise any employees of Perksa.

81.

During the relevant time period, Tommy Reid did not make decisions regarding hiring or firing employees on behalf of Defendants.

82.

During the relevant time period, Tommy Reid did not make recommendations regarding hiring or firing employees to Defendants.

83.

During the relevant time period, Tommy Reid did not interview potential employees on behalf of Defendants.

84.

During the relevant time period, Tommy Reid did not make decisions regarding disciplining Defendants' employees.

85.

At all times material hereto, Tommy Reid was not exempt from the overtime pay provisions of the FLSA by reason of any exemption.

86.

At all times material hereto, Defendant Perksa did not employ Tommy Reid in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

87.

At all times material hereto, Defendant Perksa did not employ Tommy Reid in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

88.

At all times material hereto, Defendant Perksa did not employ Tommy Reid in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

89.

At all times material hereto, Tommy Reid did not engage in sales activity and was not required to make any sales of services or merchandise on behalf of Defendant Perksa.

90.

At all times material hereto, Defendant Perksa did not employ Tommy Reid in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF 29 U.S.C. §§ 207 AND 215 AGAINST BOTH DEFENDANTS BY PLAINTIFF MARIA REID
(Overtime Wage Violations)

91.

Paragraphs 1 through 67 are incorporated herein by this reference.

92.

At all times material hereto, Maria Reid was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

93.

During her employment with Defendants, Maria Reid regularly worked in excess of forty (40) hours each week.

94.

Defendants were legally required to pay Maria Reid at the rate of time and one half of her regular hourly rate for all hours worked in excess of forty (40) in any and every given workweek.

95.

Defendants have failed and refused to adequately compensate Maria Reid at the legally required overtime wage for all work hours over forty (40) in any and every given workweek, and have willfully refused to rectify the situation.

96.

Defendants' failure to compensate Maria Reid at the overtime rate of time and one half of her regular hourly rate for all hours actually worked over forty (40) hours per week is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid overtime wage compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## CLAIMS FOR RELIEF

## COUNT TWO

## VIOLATION OF 29 U.S.C. §§ 207 AND 215 AGAINST BOTH DEFENDANTS BY PLAINTIFF TOMMY REID
### (Overtime Wage Violations)

97.

Paragraphs 1 through 42 and 68 through 90 are incorporated herein by this reference.

98.

At all times material hereto, Tommy Reid has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

99.

During his employment with Defendants, Tommy Reid regularly worked in excess of forty (40) hours each week.

100.

Defendants failed to pay Tommy Reid at one and one half times his regular hourly rate for work in excess of forty (40) hours in any week from February 2013 through January 10, 2016.

101.

Defendants' failure to compensate Tommy Reid at the overtime rate of time and one half of his regular hourly rate for all hours actually worked over forty (40) hours per week is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid overtime wage compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## **COUNT THREE**

## **BREACH OF CONTRACT AGAINST DEFENDANT PERKSA, INC. BY PLAINTIFF MARIA REID**

102.

Paragraphs 1 through 67 are incorporated herein by this reference.

103.

During the relevant time period, Maria Reid purchased approximately 6% of the shares of Defendant Perksa, Inc. for approximately $30,000.00.

104.

During the relevant time period, after purchasing shares of Perksa, Inc., Defendants provided Maria Reid with a distribution check each month in the amount of approximately $300, representing a percentage of Defendants' monthly proceeds.

105.

Defendant Perksa, Inc. provided Maria Reid with a share of the profits pursuant to a contract between the parties which required such monthly distribution.

106.

As of the date of filing of the within Complaint, Defendants have failed and refused to provide Maria Reid with distribution checks for the months of December 2015, January 2016 and February 2016.

107.

Plaintiff Maria Reid has substantially complied with all material terms of the Contract.

108.

Defendant's failure to pay Maria Reid distribution checks for the months of December 2015, January 2016 and February 2016 constitute a material breaches of the Contract.

109.

As the direct and foreseeable result of this breach, Maria Reid has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT FOUR**

**ATTORNEYS' FEES AND COSTS OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11 ASSERTED AGAINST DEFENDANT PERKSA, INC. BY PLAINTIFF MARIA REID**

110.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

111.

As Defendant Perksa, Inc. has breached its contract with Plaintiff Maria Reid in bad faith and has refused to honor its contractual obligations to her, Defendant Perksa, Inc. has been stubbornly litigious and has caused Plaintiff Maria Reid unnecessary trouble and expense in connection with his matter, entitling her to be awarded her reasonable attorneys' fees, costs and expenses of litigation.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(a)   Take jurisdiction of this matter;

(b)   Issue an Order holding each of the Defendants to be an "employer" of Plaintiffs Maria Reid and Tommy Reid as that term is defined under the FLSA;

23

(c)     Grant a trial by jury as to all matters properly triable to a jury;

(d)     Issue a judgment declaring that Plaintiffs Maria Reid and Tommy Reid were employees of Defendants and were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e)     Award Plaintiffs Maria Reid and Tommy Reid proper payment for each overtime hour worked by each of them from three years preceding the filing of this Action, calculated at the rate of time and one half each Plaintiff's regular hourly rate, and liquidated damages equaling 100% of the overtime wages due to each Plaintiff, as required by the FLSA;

(f)     Award Plaintiffs Maria Reid and Tommy Reid prejudgment interest on all amounts owed;

(g)     Award Plaintiffs Maria Reid and Tommy Reid nominal damages on their FLSA claims;

(h)     Award Plaintiff her reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b);

(i)     Issue a judgment declaring that Defendant Perksa, Inc. has breached its contract with Plaintiff Maria Reid;

(j)     Award Maria Reid the amounts she should have been paid pursuant to the contract from December, 2015 through the date judgment is entered against Perksa, Inc.;

(k)     Award Plaintiff Maria Reid prejudgment interest on her contract claim against Defendant Perksa, Inc.;

(l)     Award Plaintiff Maria Reid nominal damages on her breach of contract claim against Defendant Perksa, Inc.;

(m)     Award Plaintiff Maria Reid her reasonable attorneys' fees and costs of litigation pursuant to O.C.C.A. § 13-6-11; and

(n)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 29th day of February, 2016.

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
benjamin@dcbflegal.com

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

/s/ MITCHELL D. BENJAMIN
MITCHELL D. BENJAMIN
GA. BAR NO. 049888

COUNSEL FOR PLAINTIFFS

25